STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-566

TRISTA REYNOLDS, as Personal
Representative of the Estate of Ayla Reynolds,

      Plaintiff

v.

                                              ORDER

JUSTIN DIPIETRO,

      Defendant

REC'D CUMB CLERKS OF(
JUN 29 '22 AM11:34

Before the court is plaintiff Trista Reynolds's motion to amend her complaint. She is seeking to add two new parties and to assert several new causes of action.

Although this action has been delayed by the pandemic and the need to obtain investigative information from the Attorney General's office, plaintiff's motion is timely under the court's January 19, 2022 order. Rule 15(a) provides that leave to amend a complaint shall be freely given when justice so requires.

Defendant Justin DiPietro objects to plaintiff's motion to amend. Oral argument was held on June 23, 2022.

<u>Addition of Elisha and Phoebe DiPietro to Wrongful Death Claim</u>

In addition to making certain new factual allegations in support of her claims (*see* Proposed First Amended Complaint ¶¶ 34-44), plaintiff seeks to add Elisha and Phoebe DiPietro as defendants on the wrongful death claim in Counts I and II. Justin argues that the two-year statute of limitations on wrongful death claims precludes adding Elisha and Phoebe DiPietro as parties.

Ayla Reynolds was declared dead on September 27, 2017. This action was commenced against Justin DiPietro on December 17, 2018 – within the two-year limitations period. However, plaintiff did not seek to add Elisha and Phoebe DiPietro as defendants until February 18, 2022 – four and a half years after the declaration of death.

Plaintiff argues that counsel for Justin DiPietro does not represent Elisha or Phoebe DiPietro and does not have standing to raise a statute of limitations defense on their behalf. Although statute of limitations is an affirmative defense that could theoretically be waived, the court is of the view that there is no possibility that it would be waived in this case.

Plaintiff further argues, however, that there is an exception to the two-year statute in cases of homicide:

> except that if the decedent's death is caused by a homicide, the action may be commenced within 6 years of the date the personal representative or special administrator of the decedent discovers that there is a just cause of action against the person who caused the homicide.

18-A M.R.S. § 2-804(b), since repealed and replaced by 18-C M.R.S. § 2-807(2).[1]

Homicide includes both murder – causing death intentionally or knowingly – and manslaughter – causing death of either recklessly or with criminal negligence. *See* 17-A M.R.S. §§ 201(1)(A), 203(1)(A). The proposed amended complaint alleges in paragraph 58 that Elisha and/or Phoebe DiPietro caused the death of Ayla Reynolds through intentional, reckless, or negligent actions. This claim is brought within six years of the declaration of death.

Plaintiff also argues that the statute of limitations may be extended for fraudulent concealment and that this allows joinder of Elisha and Phoebe DiPietro even if the homicide

---

[1] This exception was added to 18-A M.R.S. § 2-804(b) by P.L. 2015, c. 451. Plaintiff cites the current version of the statute, 18-C M.R.S. § 2-807(2), but that did not become effective until February 1, 2019 – after the declaration of death and after this action had been commenced. However, the language has remained unchanged.

2

exception does not apply. On this issue plaintiff cites 18-C M.R.S. §1-105 (which restates former section 18-A M.R.S. § 1-106), but 14 M.R.S. § 859 is more squarely applicable. The proposed amended complaint adequately alleges that Elisha and/or Phoebe DiPietro undertook efforts to fraudulently conceal evidence relating to the injuries, disappearance, or death of Ayla Reynolds. Proposed Amended Complaint ¶ 42.

The possibility that the wrongful death statute of limitations has been extended by the homicide exception or by fraudulent concealment is sufficient to allow plaintiff to join Elisha and Phoebe DiPietro on Counts I and II. This does not constitute a final decision that the claims against them have been brought within the statute of limitations – only that the court cannot determine on this record that it would be futile to join them because a wrongful death claim against them is clearly time-barred.

There remain serious legal questions which remain to be determined. Among those are whether the homicide exception to the wrongful death statute of limitations requires that there be criminal charges and /or a conviction for homicide. If not, there is still the question whether the criminal "beyond a reasonable doubt" standard would be applicable to a claim brought under the homicide statute of limitations and whether the criminal definitions of recklessness and criminal negligence would be applicable.

Aside from that, there are major issues whether plaintiff can prove liability of Elisha and/or Phoebe DiPietro when – on the face of the complaint – they are alleged to have been present in the residence but there are no facts specifying what specific role either may have played, if any, in events leading to the death of Ayla Reynolds or the fraudulent concealment of evidence.

All those issues are reserved to a later day. The relevant legal issues may or may not be resolved in plaintiff's favor, and plaintiff may or may not have sufficient evidence to take her

3

claims to trial or to prevail at trial. On the motion to amend, it is sufficient that the court cannot find that the amended complaint clearly fails to state a cognizable claim. Accordingly, plaintiff's motion to amend counts I and II and to add Elisha and Phoebe DiPietro as defendants on those counts is granted.

### Count III – Breach of Parental Duty Claim against Justin DiPietro

Plaintiff seeks to add a claim in Count III that Justin DiPietro breached a parental duty of care. Although Justin DiPietro objects to this amendment, there is sufficient authority in Maine caselaw to support the existence of a parental duty of care and protection. *See Estate of Cilley v. Lane,* 2009 ME 133 ¶ 17, 985 A.2d 481; *Black v. Solnitz,* 409 A.2d 634 (Me. 1979).

### Count IV – Premises Liability Claim Against Phoebe DiPietro

Plaintiff's proposed amended complaint asserts a premises liability claim against Phoebe DiPietro as the owner of the premises. This proposed amendment fails because the complaint is utterly devoid of any allegation that there was a dangerous condition on the premises, which is a requisite to a premises liability claim. *See* Restatement 2d of Torts § 343 (referring to a "condition on the land" that involves "an unreasonable risk of harm"). Questioned on this issue at the June 23 oral argument, plaintiff's counsel referred only to the possibility that outside doors had been left unlocked on the evening in question. That would not constitute a dangerous condition on the land which could form the basis for a premises liability claim.

4

## Count V – Interference with Body of Deceased

In Count V of her proposed amended complaint plaintiff seeks to assert a claim in her individual capacity against Justin, Elisha, and Phoebe DiPietro for interference with a dead body. This cause of action is based on Restatement 2d of Torts § 868:

> One who intentionally, recklessly or negligently removes, withholds, mutilates or operates on the body of a dead person or prevents its proper internment or cremation is subject to liability to a member of the family of the deceased who is entitled to the disposition of the body.

Although the Law Court has not been presented with an opportunity to consider whether to adopt Restatement Section 868, the court concludes that this cause of action will likely be recognized in Maine and will therefore allow plaintiff to amend to assert Count V. This order is without prejudice to any legal or factual defenses to this claim that may be raised by the DiPietro defendants.

The entry shall be:

Plaintiff's motion to amend is granted with respect to the proposed amendments set forth in Counts I-III and V and with respect to the addition of parties in counts I, II, and V. Plaintiff shall file and serve an amended complaint consistent with this order, omitting proposed count IV.

Defendant Justin DiPietro shall have 20 days after service to answer the amended complaint.

Plaintiff shall have 60 days to effect service on the new parties named as defendants on counts I, II, and V.

The clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: June 28, 2022

Thomas D. Warren
Active Retired Justice, Superior Court

Entered on the Docket: 06/30/22
MⁿJ     5

Plaintiff-William Childs, Esq.
Defendant-Michael Waxman, Esq.